T.C. Memo. 2000-301

UNITED STATES TAX COURT

WILLIAM T. HOUGH AND NORMA HOUGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10661-97.                    Filed September 25, 2000.

William T. Hough, pro se.

<u>Anthony Ammirato</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' joint Federal income taxes and accuracy-related
penalties as follows:

|  |  | Accuracy-Related Penalty |
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6662(a)</u> |
| 1992 | $38,950 | $7,790 |
| 1993 | 23,134 | 4,627 |
| 1994 | 38,045 | 7,609 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners failed to participate in the stipulation process, and petitioners failed to appear at trial. Due, however, to concern over placement on respondent of the burden of proof with regard to a statute of limitations issue, respondent did not move for dismissal, and respondent offered evidence regarding petitioners' extension of the period of limitations. The primary issue for decision is whether petitioners executed a valid consent to extend the time to assess tax with regard to 1992.

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Basking Ridge, New Jersey.

Petitioners filed their 1992 and 1993 joint Federal income tax returns respectively on April 15, 1993, and on or after April 18, 1994.

In early August of 1995, because respondent's audit of petitioners had not been completed, respondent requested petitioners to sign a Form 872, Consent to Extend the Time to Assess Tax, that would extend the period for assessment of tax for 1992 to April 15, 1997. Respondent mailed the Form 872 to

petitioners for petitioners' signature, and respondent received the Form 872 back from petitioners on which petitioners' names were signed on the signature lines. On August 29, 1995, respondent's representative signed the Form 872.

On April 14, 1997, respondent mailed by certified mail the notice of deficiency to petitioners for 1992, 1993, and 1994 in which the tax deficiencies and accuracy-related penalties at issue in this case were determined.

OPINION

Income taxes generally must "be assessed within 3 years after the return was filed". Sec. 6501(a). Taxpayers and respondent, however, may consent in writing to extend the 3-year period of limitations on assessment. See sec. 6501(c)(4).

Petitioners allege that respondent's notice of deficiency mailed on April 14, 1997, was not timely as to the tax deficiencies determined by respondent against petitioners for 1992 and 1993.

Generally, where taxpayers plead the defense of a lapse of the period of limitations, and where prima facie evidence supports the taxpayers' defense, respondent has the burden of introducing evidence to show that the notice of deficiency was timely mailed to the taxpayers. See Adler v. Commissioner, 85 T.C. 535, 540 (1985); Leatherman v. Commissioner, T.C. Memo. 1989-650.

In determining the validity of a consent to an extension of the period of limitations, contract principles are important, and we look to objective manifestations of mutual assent to determine the existence of such an agreement. See sec. 6501(c)(4); Schulman v. Commissioner, 93 T.C. 623, 639 (1989); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983).

In this case, respondent has adequately demonstrated that the assessment periods of limitations for both 1992 and 1993 were open at the time respondent mailed the notice of deficiency to petitioners. For 1992, the credible evidence indicates that petitioners signed the Form 872 on which the period of limitation for 1992 was extended to April 15, 1997. This Form 872 was mailed to petitioners and returned to respondent signed with petitioners' names. Petitioners do not deny that the signatures thereon constitute their signatures.

For 1993, respondent's notice of deficiency was obviously timely, having been mailed to petitioners on April 14, 1997, a number of days before expiration of the period of limitations for 1993.

We conclude that respondent's notice of deficiency to petitioners was timely as to both 1992 and 1993.

With regard to the underlying tax deficiencies and the accuracy-related penalties determined by respondent against petitioners for 1992, 1993, and 1994, we find for respondent, and

we sustain respondent's determinations against petitioners for lack of evidence.  See Rule 149.

To reflect the foregoing and due to a concession of one issue by respondent,

<u>Decision will be entered under Rule 155</u>.